OPINION of the Court, by
judge Logan.
— This is a suit-in chancery, brought for the purpose of rescin-tiing a contract for land, on the ground of fraud.
The complainants, who are appellants in this court, allege that the contract was entered into under assurances that the land was safe, of sure title, clear of inter-: ference and free fronTincumbrance.
These allegations are in substance, supported.. It therefore becomes necessary to consider, whether those facts, under the circumstances of this case, ought to. avoid the contract ?
The first point we shall examine in relation to the alleged misrepresentation is, the claim set up to theiand in question by the defendants, under the title of Janies. Kemp,
The defendants held the Obligation of Kemp, for a moiety of a large tract, including the land sold to Finley, to which tract Kemp had obtained a patent.
To this land the defendants represented that they had procured a deed of conveyance from the patentee, which they stated was in the hands of John Jouitt, wh®, had brought the same from Virginia. The complainant on inquiry finding that Jouitt had not returned from Virginia, refused payment, and applied for a can-eelment of the contract, which the defendants refused ¡ÉÉfeanceL They, however, procured a division of the Subtract to be made by commissioners, under the act of assembly in such cases provided, and executed their deed of conveyance to the said Finley, for the land they had sold him, which he received in preference to a controversy at law respecting their bargain. But it may be observed, that the deed thus executed, although it is founded on the report of the commissioners, yet it is of prior da,te to the deed of the commissioners to the defendants, A mistake however of this sort ought never to be extended to set aside a contract, where no special in jury has thereby been done, besides tha£ incident to; ami the necessary result of such error.
The acceptance therefore, of the deed by the purchase!; ; his paymenf moreover of the first instalment *567 under the contract ; and the reception of the land, and continuing ⅛ it's bndisturbtd possession, presents no ground for hi a application to chancery to set aside the contract, more than he had abandoned in waiving his first objection, and accepting the deed founded on the act of the commissioners. But the abandonment of that objection, and receiving the deed under a !•-now-ledge ol the title, was ratifying the contract. Hock v the circumstances then in his possession. It may not ue improper here to notice, that the deed from J■ mitt to Lynch is entitled to no «'eight in this cause, because it is not shewn that Jouitt had any right which he could pass in the said land,
A second ground taken for the rescisión of the contract, is the confiiction of several adversary claims.
But those claims are either shewn to have been purchased up by the defendant Lynch, or so inconsiderably to interfere with the latid purchased by the complainants’ ancestor irorn the defendants, that even should the claims be valid, it ought not to vacate the contract ; because it is not such as ct court of chancery could say, would, had it been known at the making of the contract, have prevented the bargain, the vendors remaining liable for the damages which might accrue under their warranty.
The claim which most interferes with that of Kemp, and with the land sold to Finley, is in the name of Herndon. Upon this claim the elder patent has been, obtained. And it appears that Lynch had become the proprietor thereof, by conveyances deduced from the. patentee, prior to his sale of said land. But whether those deeds have been regularly executed and recorded to pass the title at law, need not be now determined.. Ii however they have been, then by his deed the legal title was transferred to Finley. And if those deeds have not been duly recorded to pass the legal estate, they have nevertheless, combined with his purchase, an equity in that claim, and may give the paramount title in law to the land in question.
With respect to the claim in the name of John May, as assignee of Coleman, two answers may be given, which seem satisfactory against the application to rescind the contract. First, that , the claim as exhibited would interfere very little, if any, when laid down ac *568 Cording to the evidence furnished. And secondly, that John May’s executors, who were empowered by his will to make such sales, sold to the defendants the moiety of Kemp’s claim, which includes the same land.
The only other conflicting claim which is shewn in this case, interferes too inconsiderably to justify a total rescisión of the contract if even it should be the superior claim.
Another, and the most prominent ground exhibited for cancelling the present contract is this, that the defendants had, prior to their sale to Finley, given a mortgage on said land. Towards obviating this ground for vacating the contract, it is contended that the mortgage was recorded in Jefferson, and the land lies in Shelby county.
This objection would have been conclusive, had it come from the innocent purchaser for a valuable consideration, having the legal title. Rut it does not follow that those who have committed the fraud, may avail themselves of the legal strength of the innocent, against those they had injured. It does not lie with them to force the last purchaser, contrary to both this contract and inclination, to oppose a prior equity, which they had created in the first place ; and in the second, were aiming to destroy suppressions veri.
But the defendants rely moreover on the release of the mortgagees to the land sold to Finley. This we think they have satisfactorily shewn, and therefore, that the contract ought not to be cancelled ; for the complainants are to every just and substantial purpose possessed of the subject matter of the purchase, as they or their ancestor had expected.
The decree' dismissing the bill, must be affirmed with costs in this court.